BOARD OF EDUCATION — SERVING OF TERMS AFTER ANNEXATION Where three members of a board of education, through annexation of a city, become residents of the same ward all three can serve until their terms expire. The board member whose term expires first cannot file for reelection or serve. The board member whose term expires second cannot file for reelection or serve. The board member whose term expires last can file for reelection and serve if the facts remain the same until his term expires. The Attorney General has had under consideration your letter of January 6, 1970, wherein you enclose a letter from Mr. Raymond Patton, Superintendent of Schools, Chandler, Oklahoma. The letters together reveal the following facts: The Chandler Independent School District contains a city with four wards and outlying territory. Three of the four wards of the city had one member of the board of education of the district residing therein until a recent annexation by the city. Two members of the board resided in the outlying territory. The area annexed by the city was made a part of Ward No. 2. The residences of the board members residing in the outlying territory were within the area annexed to Ward No. 2 of the city resulting in three board members presently residing in Ward No. 2. The original board member in Ward No. 2 should come up for reelection this year since his term began in 1965. In connection with these facts you in effect ask the following questions: 1. If the legal residences of two members of a board of education residing in the outlying territory of an independent school district in which is located a city with four wards and outlying territory, are annexed into a ward by the city council, where another board member resides, may the member first residing in such ward, whose term expires, file for reelection. and, if he is elected to the board of education, may he legally serve in that position? 2. What is the future status of the other two board members now residing in Ward 2? Title 70 O.S. 4-7 [70-4-7] (1969) provides in relevant part: "(a) The board of education of an independent school district and of a dependent school district maintaining a high school shall consist of five (5) members serving in offices numbered one (1) to five (5), inclusive. All such members shall be elected by the school district electors of the district-at-large for terms of five (5) years and until their successors have been duly elected or appointed and have qualified, except as hereinafter provided. Provided, that if there is located in an Independent school district a city having four or more wards, and outlying territory, not more than one member of the board of education of the independent school district shall be a resident of the same ward;" (Emphasis added) In our opinion of August 3, 1955, to the Honorable Oliver Hodge, State Superintendent of Public Instruction, the facts involved an independent school district consisting of a city having four wards and outlying territory with a board member from each. Some of the outlying territory was annexed to the city thereby causing the board member from the outlying territory to be in the same ward of the city with another board member. We were asked if both these members of the board of education in the same ward of the city could continue to serve. We answered this question in the affirmative and in so doing expressed the following views: "Under 70 O.S. 4-7 [70-4-7] (1951), as amended, supra, where a school district contains a city having four or more wards and outlying territory, the various numbered offices on said Board of Education are not identifiable with any particular ward, or the outlying territory. For example, all five of the members, under said statute, might reside in the outlying territory at any particular time. . . ." "Where the boundaries of the city are so changed as to cause a member of the Board of Education of said District, who resided in the outlying territory prior to said boundary change, to become a resident of a ward of said city in which there already resides another member of said Board; said boundary change does not operate to vacate the office of either of said Board members." In our Opinion No. 64-199, issued March 30, 1964, we were asked: "4. Can more than one member be nominated and elected from one ward of the school district if no one files in the other wards and the offices in the remaining wards are unfilled. In other words could a member of the school board reside in one ward or district and serve for another ward if no one chose to file in the other ward or district." And we answered the question as follows: "If your fourth question is based upon a city within an independent school district having four wards and outlying territory the same must be answered in the negative. . . ." Through the annexation action by the city three members of the board of education, under the facts stated, became involuntary, but legal, residents of the same ward of the city. We believe all three can serve until their terms expire. However, the board member whose term expires first cannot file for reelection and serve if elected and the board member whose term expires second cannot file for reelection and serve if elected because of the prohibition contained in Section 4-7, supra, that, "not more than one member of the board of education . . . shall be a resident of the same ward." The board member whose term expires last can file for reelection and serve if elected if the facts remain the same until his term expires. It is the opinion of the Attorney General your first question be answered as follows: If the legal residences of two members of a board of education residing in the outlying territory of an independent school district in which is located a city with four wards and outlying territory are annexed into a ward, by the city council, where another board member resides, the board member first residing in such ward whose term expires before the expiration of the terms of the other two members may not file for reelection and legally serve if elected for the reason there would be two other members already legally serving on the board of education from such ward. It is the further opinion of the Attorney General your second question be answered as follows: The board member living in Ward 2 of the city whose term expires second cannot file for reelection and serve, if elected, so long as another board member resides in Ward 2. However, the board member whose term expires last, of the three residing in Ward 2, can file for reelection and serve if elected if the facts remain the same and no other board member resides in Ward 2 at the expiration of his term. (W. J. Monroe) ** SEE: OPINION NO. 79-137 (1979) **